**CLOSED**

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM SEYMOUR JONES, : | |
| : | Civil Action No. 03-3335 (SRC) |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | |
| RALPH GREEN, et al., : | |
| : | |
| Defendants. : | |
| : | |

**CHESLER**, District Judge

    This matter comes before the Court upon Defendants' motion for summary judgment (docket item # 102). Plaintiff, an incarcerated *pro se* litigant, has not opposed this motion. The Court has considered the papers submitted by Defendants. It rules based on those submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendants' motion will be granted.

**I.    BACKGROUND**

    *Pro se* Plaintiff William Seymour Jones initiated this action under 42 U.S.C. § 1983 alleging violations of his First and Eighth Amendment rights. Mr. Jones, a federal prisoner, was incarcerated at the Hudson County Correctional Center ("HCCC") from about December 2002 to sometime in September 2003. The alleged constitutional violations arise out of his confinement in that facility.

As originally filed, Plaintiff's Complaint alleged that a person identified only as "Mr. Chris," who Plaintiff contended was a librarian in the HCCC's law library, refused to make copies of legal documents for Plaintiff. In other words, Plaintiff asserted a violation of his First Amendment right to access to the Courts. Plaintiff also claimed that the refusal to make the copies constituted retaliation by Defendants Mr. Chris and Ralph Green, the director of the HCCC at the relevant time, for exercising his First Amendment right to seek redress in the courts. After reviewing the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court dismissed these claims without prejudice and afforded Plaintiff leave to amend the Complaint to correct the deficiencies in his claims. (See Opinion and Order dated Oct. 6, 2003.)

Plaintiff's Amended Complaint re-pled the access to courts and retaliation claim. It added an Eighth Amendment claim, alleging that Plaintiff was exposed to second-hand smoke and that defendant Green had violated Plaintiff's Eighth Amendment rights by failing to set a policy regarding tobacco smoke on the federal custody block of the HCCC. It also alleged that defendant Green subjected Mr. Jones to a slew of other unfit conditions in the jail, specifically that (1) the food is cold, there are birds flying around the dining area, and food is served on the floor; (2) he was not provided with shoes or sneakers; (3) there is no heat; (4) the guards keep the lights off during the daytime, aggravating his eye problems; and (5) immigration detainees are permitted to pass out mail. The Court screened the Amended Complaint. It dismissed the access to courts claim for failure to allege an "actual injury" as a result of this purported violation but permitted his retaliation claim and conditions of confinement claim to proceed. (See Opinion and Order dated May 21, 2004.)

Shortly thereafter, Plaintiff filed a "motion for leave to file a second amended complaint." The proposed second amended complaint sought to add a number of Hudson County officials as defendants. It did not allege that those additional defendants personally committed any acts that violated Plaintiff's constitutional rights but instead that they failed to set policies regarding smoking and the availability of non-smoking areas in the HCCC. The motion was terminated without adjudication. There is no indication on the docket that the Court granted Plaintiff permission to file a Second Amended Complaint. Defendants had not yet filed an Answer to the Amended Complaint at the time the motion for leave to amend was filed. Nevertheless, Plaintiff did not have the right to amend the pleading without leave of Court, as it was not his first amendment to the Complaint. Fed.R.Civ.P. 15(a). Thus, although this motion for summary judgment has been brought purportedly on behalf of a number of "defendants" (namely, all those individuals listed as defendants on the never-filed Second Amended Complaint), the Court will only consider the viability of the claims as against Chris and Green, the only two named Defendants on the most recent Amended Complaint on record.

Defendants filed this motion for summary judgment on May 4, 2006. Although Plaintiff did not file opposition by the court-ordered deadline of June 9, 2006, the Court granted hin an extension of time, allowing until October 13, 2006 to submit opposition. (See Order dated Sept. 22, 2006.) This motion remains unopposed.

## II. LEGAL ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita, 475 U.S. at 586; see also Anderson, 477 U.S. at 247-48. Pursuant to Federal Rule of Civil Procedure 56(e), the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence

4

proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993)).

### B. Discussion

Plaintiff cites both Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and 42 U.S.C. § 1983 as jurisdictional grounds. The constitutional violations at issue in this case allegedly occurred while Plaintiff was housed at a state correctional facility, the HCCC.  Although Plaintiff is a federal prisoner, his claims arise out of alleged conduct by an HCCC official (then prisoner director Green) and HCCC employee (librarian "Chris").  Because these individuals would be acting under color of state law, 42 U.S.C. § 1983 provides Plaintiff with sources of his cause of action to redress alleged violations of his rights under the First and Eighth Amendments to the Constitution.  That statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

28 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color or state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

1.      Retaliation Claim

Plaintiff alleges that, by refusing to make copies of his legal documents, Defendants retaliated against him for exercising his First Amendment right to redress his grievances in court. The retaliation claim is predicated upon the same alleged misconduct as the access to courts claim, which was dismissed by the Court in an earlier Opinion and Order for lack of any alleged actual injury as a result of the deprivation. The retaliation claim, however, was permitted to proceed because it constituted an independent violation. "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). The claim cannot, however, survive a motion for summary judgment because no evidence that would establish each and every element of the claim has been presented to the Court.

To prevail on a retaliation claim, a plaintiff must prove (1) that he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997); see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977) (discussing element of causation in connection with claim of retaliation). Meeting their burden under Rule 56, Defendants have pointed to the absence of any evidence that would support the allegation that HCCC law librarian Chris refused to make photocopies for Plaintiff or otherwise interfered with his access to library facilities. Nor does Plaintiff even allege, much less come forward with evidence demonstrating that Defendant Green took any retaliatory action against Plaintiff for the exercise of his First Amendment right of expression through his lawyering activities. There is no evidence that Plaintiff's First

6

Amendment activity motivated any adverse action against Plaintiff. Plaintiff has not opposed this motion, and thus has failed to provide the Court with specific facts showing that there is a genuine issue for trial on this claim.

Accordingly, the Court will grant summary judgment in Defendants' favor on the retaliation claim.

        2.      Conditions of Confinement Claim

Defendants argue that Plaintiff's Eighth Amendment conditions of confinement claim must be dismissed because Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 32 U.S.C. § 1997e. In support of this argument, they rely on the Certification of HCCC Inmate Ombudsman, Marcy Dressler-Gassert, who is responsible for receiving and reviewing inmate grievances. (Cert. of Marcy Dressler-Gassert, 2: attached to Cert. of Michael L. Dermody ("Dermody Cert.") as Ex. B.) Though Ms. Dressler-Gassert states that inmate grievances are generally logged (id., ¶ 3), she does not certify that there is no grievance on record from Plaintiff concerning second-hand smoke exposure, the temperature of the prison, or any of the other conditions giving rise to his Eighth Amendment claim in this case. Thus, drawing all inferences in favor of Plaintiff, the Court will not bar Plaintiffs' conditions of confinement claim based on Defendants' exhaustion argument.

The Court will therefore proceed to analyze the claim's sufficiency on the merits. The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care and personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To prevail on a claim for violation of the Eighth Amendment, a plaintiff must satisfy both an objective element of serious deprivation and a subjective element of

7

deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 305 (1991). With regard to the objective prong, he must demonstrate that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Conditions must be severe according to contemporary standards of decency, and the Supreme Court has distinguished these violative conditions from those that are merely "restrictive and even harsh, [as] they are part of the penalty that criminal offenders pay for their offenses against society." Id. The subjective prong of the claim requires proof that the defendant prison official knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F.Supp. 193, 198 (D.N.J. 1997).

     Plaintiff cannot establish the objective prong of the claim as a matter of law. While exposure to environmental tobacco smoke ("ETS") may give rise to an Eighth Amendment violation, no fair-minded jury could conclude, based on the facts presented to the Court, that Plaintiff has been exposed to unreasonably high levels of ETS. Helling v. McKinney, 509 U.S. 25, 36 (1993). The Supreme Court has held that to establish the objective element of an Eighth Amendment claim based on ETS exposure, the prisoner must demonstrate, through scientific and statistical evidence that the potential harm is serious and that it is likely that future injury to health will actually be caused by the exposure. Id.; Ford v. Mercer County Correctional Ctr., 171 Fed.Appx. 416, 420 (3d Cir. 2006). The prisoner must also demonstrate that the risk of harm is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." Helling, 509 U.S. at 36. (emphasis in original).

While Plaintiff has alleged that he was placed in a block of cells where smoking was allowed, he has come forward with no proof that he was in fact exposed to ETS. The evidence provided to the Court by Defendants is to the contrary. In support of the motion for summary judgment, Defendants provide the Court with the Inmate Rules and Regulation Manual in effect during Plaintiff's incarceration at HCCC. (Cert. of Oscar Aviles, Ex. A at 13 ¶ 10, 35 ¶ 158: attached to Dermody Cert. as Ex. E.) According to its written policy, the HCCC prohibited smoking inside the facility during the time of Plaintiff's incarceration at HCCC. Proof of exposure to ETS would be the bare minimum necessary to establish that Plaintiff's Eighth Amendment rights were violated. The jurisprudence on this issue clearly requires much more. Plaintiff's allegation that he was assigned to a "block of smokers" (Amended Complaint, ¶ 8) is unsubstantiated. Without evidence to support his claim of exposure, much less evidence of serious harm or risk of future injury as a result of the alleged exposure, Plaintiff cannot prevail on his cause of action for an ETS-based Eighth Amendment violation as a matter of law.

Nor can the balance of his complaints regarding prison conditions at HCCC allow Plaintiff's Eighth Amendment claim to proceed to trial. Plaintiff fails to proffer facts that would create genuine issue as to whether he has sustained an "extreme deprivation" of life' necessities. Hudson v. McMillian, 503 U.S. 1, 9 (1992); Helling, 509 U.S. at 32. Defendants have provided the certification of an individual in charge of food service at HCCC regarding temperature maintenance for the hot meals and delivery of meals to prisoners in their cells. (Cert. of Ray Bianconi: attached to Dermody Cert. as Ex. C.) They have also provided evidence regarding the HCCC's procedures for maintaining and monitoring an appropriate temperature throughout the facility. (Cert. of Buddy Fontinella: attached to Dermody Cert. as Ex. D.) Plaintiff has failed to

rebut these proofs. His other allegations that lights were kept shut off during the day and that he was not provided with shoes remain unsupported, and this Court is not aware of any authority that would support Plaintiff's claim that distribution of mail by other prisoners violates his right to be free from cruel and unusual punishment. In short, without any evidence, and in light of the caselaw regarding Eighth Amendment violations based on conditions of confinement, the Court concludes that no reasonable jury could find in Plaintiff's favor.

Accordingly, summary judgment for Defendants is warranted.

### IV. CONCLUSION

For the foregoing reasons, this Court grants Defendants' motion for summary judgment, dismissing with prejudice Plaintiff's Amended Complaint in its entirety. An appropriate form of order will be filed together with this Opinion.

                                                                                                  s/ Stanley R. Chesler
                                                                                                  STANLEY R. CHESLER
                                                                           United States District Judge

DATED: December 11, 2006