UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM SEYMOUR JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>RALPH GREEN, et al.,<br><br>  Defendants. | Civil Action No. 03-3335 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on the motion filed on February 27, 2014 by pro se Plaintiff William Seymour Jones ("Plaintiff" or "Jones") to vacate the December 11, 2006 Order granting Defendants summary judgment. Defendants have opposed this motion.

On May 4, 2006, Defendants had moved for an order dismissing and/or granting summary judgment on all claims brought by Plaintiff in this civil rights action alleging violations of the First and Eighth Amendments. As Defendants' certificate of service shows (docket entry 106), the motion was made on notice to Plaintiff, who indeed filed a request to the Court for assignment of pro bono counsel expressly for the purpose of assisting him with opposing Defendants' motion for summary judgment. Plaintiff also requested additional time to respond to the motion. The application for pro bono counsel was denied, but in the interests of justice, the Court provided Plaintiff with an extended period of time to oppose Defendant's summary judgment motion. See September 22, 2006 Order, docket entry 118. Despite the ample time provided, Plaintiff submitted no opposition. The Court proceeded to rule on the motion based on the papers submitted by Defendants.

1

Now, over seven years after the Court entered that final order granting Defendants summary judgment on all claims, Plaintiff moves for relief pursuant to Federal Rule of Civil Procedure 60(b), arguing that the Court's order was improperly issued based on Defendants' <u>ex parte</u> application and that there is newly discovered evidence.  Rule 60(b) provides that a Court may vacate a final judgment or order for the following reasons:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's argument that the Court issued an <u>ex parte</u> order is flatly contravened by the record, which shows that the motion for summary judgment was made on notice to Plaintiff and that Plaintiff was afforded ample opportunity to oppose the motion.  His failure to avail himself of that opportunity does not amount to surprise or excusable neglect and does not meet the stringent standard for relief under Rule 60(b).  Moreover, his bald and unsupported assertion that this motion is based on newly discovered evidence does not entitle him to relief.  He gives no indication at all as to the nature of the evidence and/or as to reason why such purported evidence had not been previously discovered.

Accordingly,

**IT IS** on this 28th day of April, 2014,

**ORDERED** that Plaintiff's motion to vacate the Order of December 11, 2006 pursuant to Federal Rule of Civil Procedure 60(b) [docket entry 121] be and hereby is **DENIED**.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge