UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM SEYMOUR JONES, | : | |
| | : | **Civil Action No. 03-3335 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| RALPH GREEN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion filed by pro se Plaintiff William Seymour Jones ("Plaintiff" or "Jones") for reconsideration of the Court's April 28, 2014 Order, which denied Plaintiff's motion to vacate Court's Order granting Defendants summary judgment. Defendants have opposed this motion.

Under District of New Jersey Local Civil Rule 7.1(i), a party may file a motion for reconsideration "within 14 days after the entry of the order or judgment on the original motion" by the court. L.Civ.R. 7.1(i). The party seeking reconsideration must indicate to the court what dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. Id.; Bryan v. Shah, 351 F.Supp.2d 295, 297 n. 2 (D.N.J. 2005) (citing Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001)). A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d

1

Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  A party's "mere disagreement" with the Court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)).

      Plaintiff's instant motion reiterates the arguments he made on the motion to vacate. Jones once again asserts, without support, that there is newly discovered evidence which warrants vacating the summary judgment order.  He also once again argues that he was unable to oppose the summary judgment motion because the Court had not appointed him pro bono counsel.  The Court addressed these arguments in its April 28, 2014 Opinion and Order.  Plaintiff fails to demonstrate that any of the grounds for granting the extraordinary relief of reconsideration apply.   Accordingly,

      **IT IS** on this 9th day of July, 2014,

      **ORDERED** that Plaintiff's motion for reconsideration of the Court's April 28, 2014 Order [docket entry 125] be and hereby is **DENIED**.


                    s/ Stanley R. Chesler
                    STANLEY R. CHESLER
                    United States District Judge